UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 2:18-cr-34-SPC-NPM

ARICO JOVION LIPSCOMB

## ORDER[1]

Before the Court is a letter from Defendant Arico Jovion Lipscomb (Doc. 149), liberally construed as a motion for compassionate release, along with the Government's Response in Opposition (Doc. 151). The Motion is denied.

In 2019, the Court sentenced Lipscomb to almost twenty years imprisonment for drug charges. His projected release date is in 2034. Lipscomb now appears to move for compassionate release under 18 U.S.C. § 3582(c)(1)(A). As grounds, Lipscomb says extraordinary and compelling circumstances exist. Specifically, the Bureau of Prisons ("BOP") precautions are insufficient, and Lipscomb has health risks. The Government opposes because Lipscomb did not demonstrate a medical condition that satisfies the standard for compassionate release. What's more, it notes Lipscomb already received both doses of a COVID-19 vaccine.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Courts lack the inherent authority to reduce previously imposed sentences. See *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). So a defendant's request for a reduced sentence must be tied to a statute or rule. Lipscomb relies on the compassionate-release provision of § 3582, and it's his burden to show such release is warranted. *United States v. Kannell*, 834 F. App'x 566, 567 (11th Cir. 2021). Before filing a motion for this relief, a defendant must exhaust their administrative remedies. The Government concedes Lipscomb did that.

To get a sentence reduction for compassionate release, a defendant must show "extraordinary and compelling reasons," consistent with policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). Even if an extraordinary and compelling reason exists, a court must consider whether defendant poses a danger to the community along with the 18 U.S.C. § 3553(a) factors. U.S.S.G. § 1B1.13; 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling circumstances may exist for medical reasons. For instance, release may be proper if a defendant has a terminal illness or "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1.

The Court denies the motion because Lipscomb failed to show a serious medical need diminishing his ability for self-care, extraordinary and

2

compelling circumstances don't exist, and there is no indication Lipscomb is not a danger to the community.

First, there is no basis to conclude Lipscomb has a serious medical condition that substantially diminishes his ability to provide self-care. Lipscomb is thirty-nine years old. And his only documented medical condition is high blood pressure. While Lipscomb argues his grandmother died from a stroke, there is no suggestion he suffered a stroke or is at any particular risk for one. And neither health condition appears to impede Lipscomb's ability to provide self-care even with COVID-19 ongoing. *See, e.g.*, *United States v. Rey-Durier*, No. 8:15-cr-97-T-27TGW, 2020 WL 4349941, at *2 (M.D. Fla. July 29, 2020) (rejecting a compassionate release motion based on general COVID-19 concerns from a defendant with high blood pressure).

Second, the facts of Lipscomb's situation do not demonstrate extraordinary and compelling circumstances. Importantly, like the Government notes, Lipscomb received both doses of the Moderna vaccine (Doc. 151-1). This vaccine is highly effective against COVID-19. And Lipscomb makes no argument as to how extraordinary and compelling circumstances might exist following his vaccinations. What's more, this demolishes Lipscomb's conclusory contention BOP is not taking adequate precautions. Currently, tens—if not hundreds—of millions of Americans are scurrying to figure out how to get a vaccine. Yet Lipscomb already received both doses.

3

This does not suggest BOP is taking COVID-19 lightly or not protecting Lipscomb.

And third, even extraordinary and compelling circumstances exist, the motion still fails because Lipscomb doesn't show he is not a danger to the community and the § 3553(a) factors weigh against release. Less than a year and a half ago, the Court sentenced Lipscomb to 235 months imprisonment. To serve such a small portion of his sentence weighs strongly against Lipscomb's early release because it does not reflect the seriousness of his crimes, promote respect for the law, and protect the public from his crimes. Notably, Lipscomb scored the highest criminal history category under the Sentencing Guidelines based on his career offender status. A drastically reduced sentence is unlikely to deter him from future criminal conduct.

For those reasons, the Court denies Lipscomb's request.

Accordingly, it is now

**ORDERED:**

Defendant's motion for compassionate release (Doc. 149) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on February 25, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record